ANTONIO LEBRÓN, Intervenor and Appellant, *v.* F. FRESNO & Co., LTD., ET AL., Defendants and Appellees.

No. 4459.   Argued June 14, 1929.—Decided July 15, 1929.

*F. Gallardo Díaz* for the appellant.   *González Fagundo & González Jr.* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

In an action brought by F. Fresno & Co. against José Fuentes del Valle a house of the defendant was attached and

Antonio Lebrón intervened to have the attachment dissolved on the ground that he had purchased the house in question. The district court rendered judgment on appeal dismissing the complaint and from that judgment this appeal has been taken.

The lower court based its decision on the authority of *Santini Fertilizer Co.* v. *Burgos,* 34 P.R.R. 830, in which we said:

"Our Civil Code provides in section 1264 that 'Contracts by virtue of which the debtor alienates property, for a good consideration, are presumed to be executed in fraud of creditors,' and that is the same as section 1297 of the Spanish Civil Code from which it proceeds. And article 40 of the Mortgage Law, referred to by the Supreme Court of Spain in connection with the cited section of the Civil Code in its judgment of February 20, 1899, 86 J. C. 328, provides that it shall be understood that no price or its equivalent figures in such contracts, when the notary does not certify to its payment, or if the contracting parties acknowledge that such payment was made prior to the execution of the contract and this fact is not established. From these statutes it is deduced that in alienations it is of great importance that if the vendors receive the price at the time of executing the deed the notary certify that the price was paid in his presence, for if he does not, the contract would be presumed to have been entered into without consideration in case any creditor of the vendor should sue for its rescission, unless it be proved that the price was paid. For this reason the notary should expressly and clearly certify that the price was paid in his presence."

It is argued by the appellant in support of his appeal that that doctrine is in conflict with subdivision 38 of section 102 of the Law of Evidence—a law enacted subsequent to the Civil Code—which provides that it is a disputable presumption and may be controverted by other evidence "that there was a good and sufficient consideration for a written contract." This provision of the Law of Evidence of 1905 is not new in our statutes. Section 1244 of our Civil Code in force since 1902, as well as the previous Spanish Civil Code, sets forth a like presumption when providing that even though the consideration be not expressed in the contract it is pre-

sumed that it exists and that it is licit, unless the debtor proves the contrary. So that under the code every contract is presumed to have a consideration and that it is licit, unless such presumption is overcome by proof to the contrary. The code, however, established an exception to that rule in providing by its section 1264 that contracts whereby a debtor alienates property, for a good consideration, are presumed to be executed in fraud of creditors. This provision is identical with that contained in section 1297 of the Spanish Civil Code which the Supreme Court of Spain in its judgment of February 20, 1899, has connected with article 40 of the Mortgage Law, to arrive at the conclusion, also reached by us, that it shall be understood that no price or its equivalent exists in such contracts if the notary does not certify to its payment, or if the contracting parties acknowledge that such payment was made prior to the execution of the deed and that fact should fail to be established; which is in effect what the above cited article of the Mortgage Law provides.

The aforesaid provisions of the Civil Code and the Mortgage Law evince a definite policy with respect to contracts of the kind involved herein, and that policy has not been changed by the Law of Evidence, which provides nothing new in the subdivision already cited, substantially the same as section 1244 of our Civil Code. That it is a fair and wise doctrine will become apparent when account is taken of the difficulty, in cases of fraudulent sales, for persons prejudiced thereby to prove affirmatively a negative, namely, that no consideration passed in a particular contract; also from an examination of the facts in *Félix García Dávila* v. *El Banco Popular, ante,* p. 769, recently decided, where the evidence for plaintiff utterly failed to show the existence of any consideration in his contract of purchase.

The other errors assigned refer to the same question above disposed of.

The judgment appealed from must be affirmed.

Mr. Justice Hutchison dissented.